**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**STANLEY GENE KONZ,**

    **Plaintiff,**

v.                                             Case No. 8:14-cv-578-T-30TBM

**THOMAS M. GALLEN,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon the complaint filed by *pro se* Plaintiff Stanley Gene Konz (Dkt. 1). After careful review of the complaint, the Court concludes that this case must be dismissed.

Although Plaintiff's complaint is mostly nonsensical, the complaint appears to attack rulings that Defendant Judge Thomas M. Gallen made in a state-court foreclosure action. Plaintiff couches his claims as claims for "Civil Rights Violations," however, the allegations against Judge Gallen manifest Plaintiff's true intention of seeking review of the state-court foreclosure proceeding and relief from Judge Gallen's rulings in that action. This type of relief is barred under the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine derives its name from two Supreme Court decisions, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The doctrine prevents federal courts from exercising

jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). The doctrine applies to cases that are "inextricably intertwined with the state-court judgment so that: (1) the success of the federal claim would effectively nullify the state-court judgment, or that (2) the federal claim would succeed only to the extent that the state court wrongly decided the issues." *Id.* Accordingly, a state litigant seeking review of a state-court judgment must follow the appellate process through the state court system. *See Stevens v. Deutsche Bank Nat. Trust Co.*, 2009 WL 248239 (M.D. Fla. Jan. 30, 2009). Plaintiff fails to allege that he exhausted the available state appellate remedies.

To the extent Plaintiff is requesting that this Court intervene in the state-court proceedings, Plaintiff's claim is somewhat akin to a mandamus action. However, federal courts "have no authority to issue such a writ to 'direct state courts or their judicial officers in the performance of their duties.'" *Van Sickle v. Holloway,* 791 F.2d 1431, 1436 n. 5 (10th Cir. 1986); *see Russell v. Knight,* 488 F.2d 96, 97 (5th Cir. 1973).[1] "Mandamus is an extraordinary remedy that lies only to confine a lower court within its jurisdiction or to compel it to perform ministerial, not discretionary, functions." *Weber v. Coney,* 642 F.2d 91, 92 (5th Cir. 1981). Thus, to the extent Plaintiff seeks mandamus relief, his action is not cognizable in federal court.

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Finally, Plaintiff's section 1983 claims against Judge Gallen would fail under the doctrine of judicial immunity because it is well-established that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978) (internal quotation marks omitted).

For all of these reasons it is therefore ORDERED AND ADJUDGED that:

1. This action is hereby dismissed.

2. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on March 12, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-578.dismissprosecomplaint.wpd